The PEOPLE of the State of Colorado, Complainant,

v.

Bernard J. O'LEARY, Attorney–Respondent.

No. 87SA224.

Supreme Court of Colorado, En Banc.

Feb. 1, 1988.

Linda Donnelly, Disciplinary Prosecutor, Susan L. Fralick, Deputy Disciplinary Prosecutor, Denver, for complainant.

Bernard J. O'Leary, Colorado Springs, pro se.

ERICKSON, Justice.

In this grievance proceeding the respondent, Bernard J. O'Leary was charged with neglect of a legal matter entrusted to him. DR–6–101(A)(3). The hearing board conducted a hearing, made findings of fact, and recommended that the respondent be publicly censured. The hearing panel of the Grievance Committee reviewed the findings and recommendation of the hearing board and approved the findings of fact, but disagreed with the sanction recommended by the hearing board. In view of the respondent's prior discipline for similar misconduct and his false testimony at the hearing, the hearing panel recommended a thirty day suspension and that he be assessed the costs of these proceedings. We agree with the hearing panel and hereby order that the respondent be suspended for thirty days, and assessed the costs of these proceedings.

On March 5, 1983, Patrick D. Gorham was involved in an automobile collision in Colorado Springs. He was arrested and charged with driving under the influence of alcohol and reckless driving. Two days after his arrest, he retained the respondent and paid him a fee of $450. Gorham expected the respondent to resolve the matter expeditiously before he returned to duty in the United States Navy. While not expecting a full defense, Gorham did expect the respondent to appear with him in court when he pled guilty to one or both charges. Gorham returned to active duty in the Navy a few days after the respondent agreed to represent him, and he left the respondent his military address and his parents' home address. During March 1983, Gorham and his parents both tried to call the respondent. The respondent returned one call to Gorham's mother, informing her that the matter would be continued and that there was a property damage claim that had to be addressed.

Throughout 1983, the respondent appeared on Gorham's behalf several times to arrange for successive continuances based upon his client's absence due to military service. Despite numerous attempts by the Gorhams to contact the respondent, he did not communicate with them or return their telephone calls. On January 4, 1984, Gorham's case came before the court and the court ordered that a bench warrant be issued, but that the respondent be notified prior to its issuance. The respondent contends that he did not receive notice of the January 4 court date. Because he did not return the telephone calls of the court clerk, the respondent did not learn that a bench warrant was issued until a much later time. The court also entered a conviction against Gorham on both charges and certified the violation points to the Department of Revenue. In addition, proceedings were commenced to forfeit Gorham's bail bond.

In March 1984, Gorham's parents received a notice of the license revocation hearing. They sent the notice to the respondent with a note reminding him that their son was still in the Pacific. The respondent sent a letter to the Motor Vehicle Division of the Department of Revenue requesting that the matter be continued until Gorham returned to Colorado. The respondent failed to appear at the revocation hearing. The hearing board, however,

found the respondent was not retained for that purpose. The respondent told the hearing board that he made no connection between the pending traffic charges and the license revocation hearing because he thought the traffic charges were still pending.

A notice of suspension was issued by the Motor Vehicle Division and sent to Gorham's parents, who forwarded the suspension notice to the respondent with Gorham's latest Navy address. No action was taken by the respondent. Thereafter, in the summer of 1984, Gorham sought, through his parents, to have the respondent set a hearing to dispose of the traffic charges. The respondent failed, however, to respond to the calls of Gorham's parents. After leaving the Navy in September 1984, Gorham was driving through Craig, Colorado on his way home, when he was arrested on the outstanding bench warrant and held until a $1,000 bond could be posted. The following day, Gorham tried to contact the respondent, emphasizing the urgency of his situation, but the respondent did not return the calls. Four days later, Gorham went to the respondent's office, but he was unable to contact him and the respondent again failed to return Gorham's call.

On October 22, 1984, Gorham appeared *pro se* on the traffic charges and told the judge of his experience with the respondent. The trial judge vacated both convictions and Gorham entered a plea of guilty to driving under the influence of alcohol. He received a fine and probation, and completed all of the probation requirements. In May 1984, he filed a request for investigation with the Grievance Committee that led to this proceeding.

While the respondent did not know of his client's conviction of the traffic charges, that lack of knowledge was due entirely to his own neglect. Repeatedly, the respondent failed to respond to inquiries from both his client and his client's parents. The respondent failed to monitor the status of his client's matter in the court system and did not respond when the court clerk tried to contact him before the bench warrant

was issued. The respondent also failed to return his client's urgent calls after he was arrested and jailed.

The conduct of the respondent constituted neglect of a legal matter entrusted to him in violation DR 6–101(A)(3) and violated DR 1–102(A)(1), subjecting him to discipline under the provisions of C.R.C.P. 241.-6(1). The respondent's previous discipline for unprofessional conduct aggravates the offense in this case. ABA Standard 9.22(a). Prior to the request for investigation in this case, the respondent was disciplined by a letter of admonition in 1975 and by private censure in 1984. His professional misconduct in this case, therefore, is not an isolated instance, since the private censure in 1984 was based upon a stipulation in which he admitted neglecting legal matters entrusted to him and to dishonest conduct after being confronted with his neglect and delay.

Moreover, the course of the respondent's conduct in this case constitutes a pattern of neglect. ABA Standard 9.22(c). Exacerbating this conduct, was the hearing board's belief that the respondent testified falsely about these matters at the hearing. ABA Standard 9.22(f). The efforts of the Gorhams to contact the respondent were well documented. The respondent disclaimed any knowledge of the visits and numerous phone calls made by Gorham and his family over a period of eighteen months. The respondent also exaggerated the number of times he talked to Gorham's mother over the telephone.

A final aggravating circumstance is the respondent's substantial experience in the practice of law. ABA Standard 9.22(i). The respondent was admitted to the bar of this court on January 9, 1950, and brought more than thirty years of experience to his relationship with the Gorhams. As a result of the respondent's neglect, his client was jailed and suffered needless anxiety and frustration. The respondent's repeated failure to answer calls from his client's family and the court led to his client's conviction, bond forfeiture and arrest.

The only matter offered in mitigation is the fact that the respondent made arrange-

ments to refund the entire $450 fee and to reimburse his client for the $1,000 that was required to make bond following his 1984 arrest. ABA Standard 9.32(d). In our view, however, these limited mitigating facts are dwarfed by the factors aggravating the injurious conduct that caused his client to suffer.

According to the ABA Standards for Imposing Lawyers Sanctions, suspension is appropriate when "a lawyer knowingly fails to perform services for a client and cause[s] injury or potential injury to a client, or a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA Standard 4.42. Accordingly, we approve of the hearing panel's recommendation of a thirty-day suspension. It is therefore ordered that the respondent be suspended for thirty days for the neglect of a legal matter entrusted to him and to pay the costs of these disciplinary proceedings in the amount of $306.55 within thirty days to the Supreme Court Grievance Committee, 600 17th Street, Suite 500S, Denver, Colorado 80202. The respondent's suspension shall commence thirty days after this opinion is announced. C.R.C.P. 241.21(a).

ROVIRA, J., does not participate.